IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WALTER JULIOUS PORTERFIELD,
#13997-003,                          :

    Plaintiff,                       :

vs.                                  :   CIVIL ACTION 16-18-CG-M

GROVER SMITH, *et al.*,              :

    Defendants.                      :

<u>REPORT AND RECOMMENDATION</u>

Plaintiff Walter J. Portfield, a prison inmate proceeding *pro se* and *in forma pauperis*, initiated this action by filing a Complaint under 42 U.S.C. § 1983 together with an Application to Proceed *In Forma Pauperis*.  This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).  After careful consideration, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

I.   <u>Posture of Action</u>.

This action was initially filed in the United States District Court for the Northern District of Alabama and was subsequently transferred to this Court.  When Plaintiff filed

this action, he was incarcerated at the Escambia County
Detention Center, located in Brewton, Alabama, (doc. 1 at 3),
and then was transferred to the custody of the Alabama
Department of Corrections at Easterling Correctional Facility.
(Doc. 12).  Subsequently, he was transferred to the custody of
the United States Bureau of Prisons and incarcerated at Federal
Correctional Institution in Marianna, Florida.  (Doc. 25).

   During this action's pendency, the Court received several
amended complaints from Plaintiff, which were in the form of
letters.  (Docs. 4, 5, 7).  Because of the number of amended
complaints and the variety of claims contained in them, the
Court ordered him to file on this Court's complaint form a
fourth amended complaint, which would contain one claim and any
claims closely related to it and which would supersede his prior
Complaint and its amendments.  (Doc. 20).  Plaintiff's Fourth
Amended Complaint is now before the Court.  (Doc. 33).

   In the Fourth Amended Complaint, Plaintiff names as
Defendants Sheriff Grover Smith and Captain Emma Williams,[1] who
are Escambia County Detention Center officials.  (Doc. 33 at 5).
He alleges that his mail from his attorney and from his family
was withheld in violation of his due process rights under the

---

[1] Section III of the complaint form advises that "[t]he persons
who are listed as defendants in section III of the complaint are
deemed by the Court to be the only defendant to this action."
(Doc. 33 at 1, D).

2

Fifth Amendment and his equal protection rights under the Fourteenth Amendment. (*Id.*). He made complaints to the Postmaster General at the Brewton Post Office about this. (*Id.*). He blames Captain Williams for these problems because everything that comes to the jail must go first to her. (*Id.*). The last incident occurred between December 26, 2015, and December 31, 2015, when Captain Williams blocked his phone privileges because he kept calling his family complaining of not receiving their letters and his attorney's letters. (*Id.*). Additionally, Plaintiff mentions that he had to "send all of his legal mail home when he was transferred from state custody to federal custody." (*Id.* at 6). He also charges Sheriff Smith with "withholding legal/personal mail, violating [his] 5th and 14th Amendment [rights,]" but provides no specific factual information to support this claim. (*Id.* at 5). For relief, Plaintiff asks for compensatory damages in the amount of $1,000,000. (*Id.* at 7).

II. Analysis.

 A. Screening Standards for an IFP Complaint.

 Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing his Fourth Amended Complaint (Doc. 33) under 28 U.S.C. § 1915(e)(2)(B). Under this section an action or appeal is to be dismissed if it is frivolous or malicious, fails

3

to state a claim on which relief may be granted, or seeks
monetary damages relief from a defendant who is immune from
damages.  28 U.S.C. § 1915(e)(2)(B).  A frivolous claim is one
that may be dismissed "where it lacks an arguable basis in law
or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).[2]  And a
complaint may be dismissed for failure to state a claim upon
which relief can be granted when the allegations do not show
plausibility. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557
(2007).  To show plausibility "[f]actual allegations must be
enough to raise a right to relief above the speculative level"
and must be a "'plain statement' possess[ing] enough heft to
'sho[w] that the pleader is entitled to relief.'" *Id.* at 557
(second brackets in original).  But "[t]hreadbare recitals of
the elements of a cause of action, supported by mere conclusory
statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662,
678 (2009).  Furthermore, when a successful affirmative
defense, such as a statute of limitations, appears on the face
of a complaint, dismissal for failure to state a claim is also
warranted. *Jones v. Bock,* 549 U.S. 199, 215 (2007).

When considering a *pro se* litigant's allegations, a court

---

[2]  *Neitzke*'s interpretation of 28 U.S.C. § 1915(d) is
applied to § 1915(d)'s superseding statute, 28 U.S.C. §
1915(e)(2)(B).  *Bilal v. Driver*, 251 F.3d 1346,1348-49 (11th
Cir.), *cert. denied*, 534 U.S. 1044 (2001).

gives them a liberal construction holding them to a more lenient standard than those of an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A court, however, does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010). Furthermore, a court treats factual allegations as true, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 566 U.S. at 68. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

B. <u>Failure to State a Claim upon Which Relief Can Be Granted</u>.

1. <u>Legal Standards Under 42 U.S.C. § 1997e(e)</u>.

"A complaint is subject to dismissal for failure to state a claim 'when its allegations, on their face, show that an affirmative defense bars recovery on the claim.'" *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003)). An affirmative defense is created by 42 U.S.C. § 1997e(e), *id.*, when it

5

provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)."  42 U.S.C. § 1997e(e).  This section provides a basis for the dismissal of plaintiff's present claims.

Section 1997e(e) was enacted by Congress "[i]n an effort to stem the flood of prisoner lawsuits in federal court[.]"  *Harris v. Garner*, 216 F.3d 970, 971 (11th Cir.), *cert. denied*, 532 U.S. 1065 (2001).  This section is "[r]ead as a limitation on recovery only[.]"  *Harris v. Garner*, 190 F.3d 1279, 1288 (11th Cir. 1999) (finding that the Constitution does not "mandate[ ] a tort damages remedy for every claimed constitutional violation"), *opinion vacated by* 197 F.3d 1059, *opinion reinstated in part by* 216 F.3d 970 (11th Cir. 2000).  By enacting this section, Congress chose to "preclude[ ] some actions for money damages[,]" *id.* at 1283, and "to enforce prisoners' constitutional rights through suits for declaratory and injunctive relief[,]" *id.* at 1289, and nominal damages.  *Brooks v. Warden*, 800 F.3d 1295, 1307-09 (11th Cir. 2015).

Section 1997e(e) applies "only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental

6

or emotional injury (4) suffered while in custody." *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir.), *cert. denied*, 540 U.S. 1112 (2004).  The statute encompasses all claims with no exceptions being provided.  *Al-Amin v. Smith*, 637 F.3d 1192, 1197 (11th Cir.  2011) (holding no distinction is made between "constitutional claims frequently accompanied by physical injury (e.g., Eighth Amendment violations) and those rarely accompanied by physical injury (e.g., First Amendment violations)[;]" all constitutional claims are treated equally).  Nor does the mental or emotional injury need to be pled in order for the statute to be applicable.  *Id.* at 1197 & n.5 (holding otherwise a prisoner's pleading or not pleading of mental or emotional injury would achieve talismanic importance and lead to illogical results).  Thus, in order to avoid dismissal under § 1997e(e), a prisoner's claim "must be accompanied by allegations of physical injuries that are greater than *de minimis*."  *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1312-13 (11th Cir. 2002).

     2.   Application of Law to the Facts.

In the present action, Plaintiff makes a straightforward request for $1,000,000 in damages as compensation.  (Doc. 33 at 7).  Plaintiff identified no injury, much less a physical injury, that is greater than *de minimis* in his Fourth Amended

Complaint.  In order for this action for compensatory damages to proceed, Plaintiff must have demonstrated that he suffered a physical injury greater than *de minimis*.  *Id.* at 1313.

Examining the requested relief in the *ad damnum* clause, the amount of $1,000,000 is in the nature of a compensatory or punitive damages request.  That is, $1,000,000 is inconsistent with a nominal damages request.  *See Carey v. Piphus*, 435 U.S. 247, 266-67 (1978) (holding nominal damages should not exceed one dollar); *Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999) (holding $1 is the norm for nominal damages); *Harrison v. Myers*, CA No. 10-0566-KD-N, 2011 WL 3204372, at *7 (S.D. Ala. 2011) (finding the prisoner's request of $2,500 was not for nominal damages inasmuch nominal damages implies a mere token or trifling); *In re Bayside Prison Litigation,* CA 09-2365(RBS/JS), 2010 WL 4916716, at *4 (D.N.J. 2010) (finding that "$2,000.00 surely surpasses the limit of what constitutes a 'minimal' amount of compensation by any definition of the term 'nominal'"); *Qualls v. Santa Rosa County Jail*, No. 3:10cv54/MCR/MD, 2010 WL 785646, at *3 n.1 (N.D. Fla. 2010) (unpublished) (dismissing the plaintiff's complaint as it "cannot be liberally construed as requesting nominal damages, because he specifically requested only $250,000 in compensatory and/or punitive damages").

8

Therefore, in the absence of Plaintiff having demonstrated a physical injury, and with Plaintiff requesting compensatory damages in the amount of $1,000,000, § 1997e(e) bars this action. *See Al-Amin,* 637 F.3d at 1199 (finding that § 1997e(e) barred the plaintiff's mail claim for punitive damages); *Thompson v. Adamson*, 247 F. App'x 178, 179 (11th Cir. 2007) (affirming the dismissal of the plaintiff's mail claim for compensatory and punitive damages).[3]

III.  Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. *See Napier*, 314 F.3d at 532 (holding a dismissal pursuant to § 1997e(e) shall be without prejudice).

<u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C.

---

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11TH CIR. R. 36-2 (2005).

9

§ 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 21st day of July, 2016.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE